IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

PRESTON R. DORITY, )
 )
    Petitioner, )
 )
 ) CIV-13-335-HE
v. )
 )
JIM FARRIS, Warden, )
 )
    Respondent. )

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his conviction for Domestic Abuse by Strangulation after former conviction of two or more felonies entered following a jury trial in the District Court of Garfield County, Case No. CF-2010-330. Respondent has responded to the Petition and filed the relevant state court records, including a transcript of the trial (hereinafter "TR__"). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be denied.

I. Background

Petitioner was charged on July 8, 2010, with the offenses of Domestic Abuse by Strangulation in violation of Okla. Stat. tit. 21, § 644(I)(Supp. 2009)[1] and Assault and Battery with a Dangerous Weapon in violation of Okla. Stat. tit. 21, § 645. A jury trial was

---

[1]This provision is now codified at Okla. Stat. tit. 21, § 644(J).

1

conducted on the charges on May 16 and 17, 2011. During the trial, a police detective testified that in a custodial interview Petitioner admitted hitting the victim ten times or more with his hand and admitted placing his hands around her neck and pushing her away from him. TR Vol. III, at 29-31. Petitioner did not testify during the first stage of the trial.[2]

The jury found Petitioner guilty of the offense of Domestic Abuse by Strangulation and not guilty of the assault and battery charge. In the second stage of the trial, the jury found Petitioner had committed the domestic abuse offense after two or more previous felony convictions and assessed a sentence of 17 years of imprisonment. TR Vol. III, at 136. On May 17, 2011, Petitioner was sentenced accordingly. Transcript of Sentencing, at 2.

Petitioner appealed the conviction and sentence. In a summary opinion issued February 20, 2013, the Oklahoma Court of Criminal Appeals ("OCCA") addressed each of Petitioner's five propositions of error. Response, Ex. 3. First, Petitioner contended that the trial court committed reversible error and denied him due process by failing to give his defense counsel's requested jury instruction on the lesser-included misdemeanor offense of domestic assault and battery. The court stated that "[t]he proper test for instructions on a lesser included offense is whether *prima facie* evidence of the lesser offense has been presented, . . . i.e., evidence which would allow a jury rationally to find the accused guilty of the lesser offense and acquit him of the greater." Id. at 2. Applying this test, the OCCA found that the trial court erred when it denied the requested lesser-included offense

---

[2]Under Oklahoma's bifurcated trial procedure, a trial is conducted in two stages, a guilt or innocence stage, and, if the defendant is found guilty, a punishment stage, when the defendant is subject to enhanced punishment for former felony convictions. See Okla. Stat. tit. 22, § 860.1.

instruction on the basis that the request was not made in writing. However, "because the evidence does not show that the jury rationally could find [Petitioner] guilty of the lesser offense and acquitted him of the greater" offense, the court found the trial court's error in failing to give the requested instruction did not prejudice Petitioner and denied the claim. Id. at 3.

In his second claim, Petitioner contended that the trial court abused its discretion in allowing the prosecution to present evidence of two prior felony convictions that he alleges arose out of the same transaction or occurrence or series of events closely related in time and location in violation of Okla. Stat. tit. 21, § 51.1. As to this claim, the OCCA found that Petitioner had not objected to the evidence admitted at trial concerning his prior felony convictions. Applying a plain error analysis, the OCCA found that Petitioner "admitted he has three (3) valid prior convictions, and that the sentencing range is the same whether he has three prior convictions or four," and therefore no plain error occurred. Id. at 4.

In his third claim, Petitioner contended that his defense counsel provided constitutionally ineffective assistance because counsel (1) did not request a lesser-included offense instruction in writing, (2) did not object to the admission into evidence of two transactional prior convictions, and (3) improperly waived Petitioner's right to testify in the first stage of the trial. The OCCA applied the Supreme Court's two-part test established in Strickland v. Washington, 466 U.S. 668 (1984), for Sixth Amendment ineffective assistance of counsel claims. The court reasoned that it had previously found Petitioner "suffered no prejudice either from the denial of instructions or the admission of his prior convictions," and

concluded that the finding "precludes any conclusion that counsel's allegedly deficient performance with respect to these claims has resulted in . . . prejudice" under the Strickland standard. Id. at 4-5.

With respect to defense counsel's alleged ineffectiveness as a result of Petitioner's failure to testify, the OCCA found the record showed defense counsel advised Petitioner of his right to testify, consulted with Petitioner about the decision, and accurately stated Petitioner's decision in open court that he had decided not to testify during the first stage of his trial. Based on these factual findings, the court concluded Petitioner had "not overcome the strong presumption that counsel rendered reasonably effective assistance" and denied his claim. Id. at 5.

As to Petitioner's fourth claim of an excessive sentence, the court found Petitioner was a habitual violent offender and that his sentence did not shock the conscience of the court "in light of the facts and circumstances." Id. at 5. As to Petitioner's fifth and final claim of cumulative errors denying him a fair trial, the OCCA found that the "harmless error [found] in the district court's denial of lesser included instructions" and the "potential error [found] in the admission of a transactional prior [conviction] was not plain error requiring relief" and therefore the errors, considered individually and cumulatively, did not warrant relief. Id. at 5.

## II. Petitioner's Claims

Petitioner raises four of the same grounds for relief in his Petition that he asserted in his direct appeal. In ground one, he alleges the trial court's denial of his requested jury

4

instruction on the lesser-included misdemeanor offense of domestic assault and battery was an abuse of discretion and denied Petitioner due process. In ground two, Petitioner alleges the trial court abused its discretion and denied him due process by admitting evidence of two prior convictions arising out of the same transaction. In ground three, Petitioner alleges that he was denied effective assistance of counsel in violation of his sixth and fourteenth amendment rights because of his defense attorney's (1) failure to submit a written jury instruction on the lesser-included offense of assault and battery - domestic abuse, (2) failure to challenge the admissibility of two of his prior convictions that arose out of the same transaction, and (3) failure to call Petitioner as a witness during the first stage of the trial. In ground four, Petitioner asserts that the accumulation of errors in his trial violated his Fourteenth Amendment right to due process.

In response to the Petition, Respondent asserts that Petitioner's first two grounds for relief are not cognizable in a federal habeas proceeding because they raise only state-law issues, that Petitioner has not shown the OCCA's denial of his ineffective assistance of counsel claim was contrary to or unreasonably applied prevailing Supreme Court jurisprudence, and that Petitioner's fourth claim of cumulative error lacks merit.

III. State Law Claims

It is well established that the federal writ of habeas corpus reaches only convictions obtained in violation of the United States Constitution, federal laws, or treaties. *E.g.*, Mabry v. Johnson, 467 U.S. 504, 507 (1984); Pulley v. Harris, 465 U.S. 37, 41 (1984); Smith v. Phillips, 455 U.S. 209, 221 (1982). Thus, "[f]ederal courts have no supervisory authority over

state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith, 455 U.S. at 221.

In ground one, Petitioner alleges that the state court erred by failing to instruct the jury in his trial concerning a lesser-included misdemeanor domestic assault and battery offense. The Tenth Circuit Court of Appeals has "establish[ed] a rule of 'automatic non-reviewability' for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction." Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). Consequently, Petitioner cannot raise a justiciable claim that he is entitled to habeas relief concerning the issue raised in ground one of the Petition.

In ground two, Petitioner contends that he was denied a fair trial because the trial court admitted evidence of two of his prior convictions that arose out of the same transaction. When a habeas petitioner challenges a state court's admission of evidence, "[t]he question presented in [the habeas proceeding] is not whether th[e] evidence was admissible under state law, but instead whether considered in light of the entire record, its admission resulted in a fundamentally unfair trial." Knighton v. Mullin, 293 F.3d 1165, 1171 (10th Cir. 2002).

Prior to his trial, Petitioner had been convicted in Garfield County District Court, Case No. CF-1998-471, of the felony offenses of assault with a dangerous weapon and feloniously carrying a firearm. Petitioner testified in the second stage of his trial that these two previous convictions arose out of a "drug deal," and he responded affirmatively when asked if the offenses arose "from the same incident." TR Vol. III, at 115, 116. Petitioner argued in his direct appeal that the two convictions in Case No. CF-1998-471 arose out of the same

6

transaction and that the trial court erred in admitting evidence of both convictions during the second stage of the trial, despite the fact that Petitioner had three other prior felony convictions. Response, Ex. 1, at 16-18 (Brief of Appellant).

Applying its "plain error" analysis due to the absence of an objection at trial to the admission of the evidence, the OCCA found that there was no "obvious error," and any error in the admission of the two prior convictions in Case No. CF-1998-471 did not prejudice Petitioner because Petitioner admitted he had three valid prior convictions and the "sentencing range is the same whether he has three prior convictions or four." Response, Ex. 3 (summary opinion), at 3-4.

Under Oklahoma's sentence enhancement statute, prior "[f]elony offenses relied upon shall not have arisen out of the same transaction or occurrence or series of events closely related in time and location." Okla. Stat. tit. 21, § 51.1(C). Except for certain felony offenses not relevant here, the range of punishment for a person who has two prior felony convictions is "three times the minimum term for a first time offender to life imprisonment." Id. Because the minimum sentence for a violation of Okla. Stat. tit. 21, § 644(I)(Supp. 2009), was one year, the range of punishment for Petitioner's habitual offender conviction under state law was three years to life imprisonment.

The OCCA's findings that Petitioner admitted both having three valid prior convictions and that the sentencing range was the same whether he had three or four prior convictions are factual findings that are presumed correct, and Petitioner has not overcome the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1)(state court's

determination of a factual issue is presumed to be correct, and habeas petitioner has burden of rebutting this presumption by clear and convincing evidence). The OCCA's application or misapplication of the state's sentence enhancement statute is a matter of state law that is not cognizable in a habeas proceeding.

Even if Petitioner could demonstrate the OCCA erred in applying its sentence enhancement statute, habeas relief is not available to him under 28 U.S.C. § 2254. Bullock v. Carver, 297 F.3d 1036, 1055 (10th Cir. 2002)(state court's misapplication of its evidentiary rules is insufficient to grant habeas relief). Petitioner's trial was not fundamentally unfair because evidence of Petitioner's fourth prior felony conviction was admitted during the second, or punishment, stage of the trial. He admitted the four prior felony convictions during his second-stage trial testimony, and he did not challenge on appeal the validity of three of those prior convictions for enhancement purposes. Petitioner is therefore not entitled to habeas relief concerning this claim.

IV. Standard of Review of Constitutional Claims

In his third ground for federal habeas relief, Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel. In his fourth ground for relief, Petitioner asserts that cumulative errors denied him a fair trial. Petitioner raised these same claims in his direct appeal, and the OCCA denied the claims on their merits. Consequently, the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard for reviewing the claims.

Under the AEDPA, a federal court cannot grant habeas relief unless the (1) state court

decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The AEDPA directs courts to "ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000)(quoting H. R. Conf. Rep. No. 104-518, p. 111 (1996)).

A state court decision is "contrary to" established Supreme Court precedent if the state court either (1) reached a conclusion that contradicts governing Supreme Court precedent or (2) reached a conclusion different from the Supreme Court on materially indistinguishable facts. Id. at 405-406, 413. A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court "applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 407. See Price v. Vincent, 538 U.S. 634, 640-641 (2003). Under this deferential standard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Renico v. Lett, 559 U.S. 766, 773 (2010)(internal quotations and citation omitted).

"[W]hether a state court's decision was unreasonable must be assessed in light of the record the [state appellate] court had before it." Holland v. Jackson, 542 U.S. 649, 652 (2004)(*per curiam*)(citations omitted). See Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388

(2011)(federal habeas "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits").

V. Ineffective Assistance of Counsel

Petitioner contends that his defense attorney provided constitutionally ineffective assistance because he (1) failed to present a written requested jury instruction for a lesser-included offense of misdemeanor domestic abuse, (2) failed to challenge the admission of evidence in the second stage of the trial for two transactional prior felony convictions, and (3) failed to call Petitioner as a witness in the first stage of the trial.

The OCCA denied this claim on its merits. The OCCA analyzed the claim under the prevailing two-part test established in Strickland v. Washington, 466 U.S. 668 (1984), and found that Petitioner had not shown his defense attorney provided unreasonable professional assistance or that he was prejudiced by any errors committed by his attorney during the trial. Petitioner must therefore demonstrate that the OCCA's decision was contrary to or an unreasonable application of the governing Strickland decision.

With respect to his first underlying claim of ineffective assistance, Petitioner posits that his defense attorney had plenty of time to prepare jury instructions for the trial and that he maintained his innocence of the offenses. However, Petitioner does not attempt to demonstrate that the OCCA's decision in this respect was contrary to or unreasonably applied the prevailing Strickland standard.

During the trial Petitioner's defense attorney orally requested a lesser-included offense instruction on the misdemeanor domestic assault and battery offense, and the OCCA found

that the trial court erred when it refused to give the requested instruction. The OCCA found, however, that the trial court's error in not giving the requested jury instruction was harmless in light of the evidence presented at Petitioner's trial. Based on these findings, the OCCA concluded that Petitioner had shown no prejudice as a result of the alleged error by his defense counsel in failing to submit a written jury instruction request on the lesser-included offense.

Decisions by defense counsel concerning jury instructions are matters of strategy. "[I]nformed strategic or tactical decisions on the part of counsel are presumed correct, unless they were completely unreasonable, not merely wrong." Anderson v. Attorney Gen. of Kan., 425 F.3d 853, 859 (10th Cir. 2005)(internal quotations omitted). In view of the fact the OCCA found a written request for a jury instruction was not required, Petitioner has not demonstrated that his attorney's failure to present the requested jury instruction in writing was either unreasonable professional assistance or that he was prejudiced as a result of counsel's alleged error. Thus, he has not shown that the OCCA's decision was contrary to or unreasonably applied Strickland.

Petitioner next contends that his defense attorney provided constitutionally ineffective assistance because he did not object to the admission of two of Petitioner's four prior felony convictions into evidence during the punishment stage of his trial. The OCCA found that Petitioner suffered no prejudice as a result of any error by his defense counsel in failing to object to the admission of the transactional prior convictions.

Petitioner makes no attempt to demonstrate that the OCCA's decision in this regard

11

was contrary to or an unreasonable application of the Strickland standard. He merely suggests that his counsel's failure to object to one of his four prior convictions was not sound trial strategy. In consideration of the fact that Petitioner testified that he had four prior felony convictions, and he admitted the validity of three of these prior felony convictions in his appeal, Petitioner has not shown that the OCCA's finding of lack of prejudice resulting from the alleged error was contrary to or an unreasonable application of Strickland.

Petitioner next alleges that his defense counsel provided constitutionally ineffective assistance by failing to call Petitioner as a witness during the first stage of the trial. In his direct appeal, the OCCA made presumptively correct factual findings that the trial record showed Petitioner's defense counsel advised him of his right to testify, consulted with Petitioner about the decision, and accurately stated Petitioner's decision in open court that he had decided not to testify during the first stage of his trial. On the basis of these findings, the court concluded Petitioner had "not overcome the strong presumption that counsel rendered reasonably effective assistance" and denied his claim. Id. at 5.

Petitioner has failed to provide clear and convincing evidence to overcome the presumption of correctness attached to the OCCA's factual findings. Petitioner asserts that there is no record of his voluntary waiver of his right to testify. However, Petitioner does not allege that such a record is constitutionally required. As the Tenth Circuit Court of Appeals has observed in an unpublished opinion, "[w]hile the right to testify in one's own defense is a constitutional right, . . . [a habeas petitioner's] complaints about the state's procedure for ensuring compliance with that right are not of constitutional dimension." Harris v. Everett,

12

215 F.3d 1336 (Table), 2000 WL 504731, * 3 (10th Cir. 2000).

The record demonstrates that after a thorough discussion between Petitioner, his defense attorney, and the trial judge of the advantages and disadvantages of Petitioner testifying in the first stage of his trial, Petitioner's defense counsel announced that Petitioner had decided not to testify. TR Vol. I, at 200-209, TR Vol. III, at 61). In light of the record and the OCCA's factual findings, Petitioner has not demonstrated that OCCA's decision rejecting his ineffective assistance claim was contrary to or unreasonably applied the Strickland standard. Consequently, habeas relief concerning this claim is unwarranted.

## VI. Cumulative Errors

Plaintiff lastly contends that he was denied due process as a result of the accumulation of errors at his trial. No constitutional errors have been found. Thus, the Supreme Court's admonition that "the Kotteakos[ v. United States, 328 U.S. 750 (1946)] harmless-error standard applies in determining whether habeas relief must be granted because of constitutional error of the trial type" is not relevant here.

The Tenth Circuit Court of Appeals recently addressed the issue of cumulative errors and explained the doctrine means "that prejudice can be accumulated *disjunctively* - that all a defendant needs to show is a strong likelihood that the several errors in his case, when considered additively, prejudiced him." Grant v. Trammell, __ F.3d __, __, 2013 WL 4105939, *16 (10th Cir. 2013). Thus, "while one error may make another error in the same direction more egregious, a defendant can still show cumulative error by accumulating unrelated errors if their probabilistic sum sufficiently undermines confidence in the outcome

of the trial." Id. "The crux [of cumulative error] review is whether the defendant's substantial rights were affected." Willingham v. Mullin, 296 F.3d 917, 935 (10th Cir. 2002)(internal quotations and citation omitted). In Willingham, the court concluded that "the strength of the State's case . . . effectively undercut[ ] Mr. Willingham's assertion of actionable prejudice in connection with the few errors which may have occurred during the proceedings." Id. In Grant, the court recognized that it had found cumulative error in only two published decisions within the previous thirteen years. Grant, 2013 WL 4105939, at *15.

In this case, the evidence of Petitioner's guilt was, if not overwhelming, substantial.[3] Additionally, the state-law-based errors found by the OCCA - - the trial court's erroneous reasoning for failing to give a requested jury instruction on a lesser-included misdemeanor offense to the Domestic Abuse by Strangulation offense and the potential error in admitting into evidence a fourth prior felony conviction that may have violated state law - - were not significant. Under these circumstances, the errors recognized by the OCCA do not

---

[3]Contrary to Petitioner's argument in his reply that the evidence of his guilt was "weak and vulnerable," Reply, at 6, the evidence presented at Petitioner's trial pointed directly to him as the individual who committed the felony domestic abuse by strangulation offense. The victim testified that she was in a dating relationship with Petitioner, that she had been drinking alcohol excessively and was sleeping in her bed in her home, that another man, Petitioner's cousin, was with her, that Petitioner woke her up, hit her on the head multiple times, hit her on her cheek, and "choke[d]" her with his hands around her neck. TR Vol. II, at 17, 23, 25, 26, 27. The victim testified that she tried to break free but Petitioner would just press "harder" on her throat "to where I could feel my eyes bulging out of my head," and "he just [kept] choking me." TR Vol. II, at 28. She blacked out during the time that Petitioner was striking her on the head and again after he choked her neck. TR Vol. II, at 28, 93. Photographs were admitted during the trial of the victim's injuries, and she testified that the markings in the photographs on her neck, face, and behind her ear showed where Petitioner had hit and choked her. TR Vol. II, at 38-40. A law enforcement officer who investigated the offense testified that he observed injuries to the victim's neck indicating possible strangulation. TR Vol. II, at 133-134. A nurse also testified concerning the victim's injuries. TR Vol. II, at 114-116, 119-122.

14

undermine the confidence of the Court in the result of Petitioner's trial. Petitioner has not demonstrated that the OCCA's rejection of his claim of cumulative error was contrary to or an unreasonable application of controlling federal law. Accordingly, Petitioner is not entitled to habeas relief as to this claim.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by   October 10th , 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   20th   day of   September  , 2013.

*Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE