### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PRESTON R. DORITY, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | NO. CIV-13-0335-HE |
| ) | |
| JIM FARRIS, Warden, ) | |
| ) | |
| Respondent. ) | |

### ORDER

Petitioner Preston R. Dority, a state prisoner appearing *pro se*, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell, who recommended that the petition be denied. As petitioner objected to the Report and Recommendation, the court has conducted a de novo review of the magistrate judge's determination.

### Background

Petitioner was convicted of Domestic Abuse by Strangulation in the District Court of Garfield County, Oklahoma, in May 2011. Because petitioner had been previously convicted of two or more felonies, he was sentenced to seventeen years imprisonment pursuant to Oklahoma's enhanced sentencing statute. *See* 21 Okla. Stat. § 51.1. Petitioner appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed the decision. Petitioner then filed this habeas action, raising four of the same grounds for relief that he asserted in his appeal to the OCCA.

In his first ground for appeal, he argues that the trial court erred in refusing an instruction on the lesser included offense of domestic assault and battery.

In his second ground for appeal, petitioner argues that the trial court abused its discretion by allowing the prosecution to introduce evidence in the sentencing phase of two prior convictions that arose out of the same transaction.

In his third ground for appeal, petitioner argues that he received ineffective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights.

In his final ground for appeal, petitioner argues that cumulative error deprived him of a fair trial.

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 establishes the requirements for granting a writ of habeas corpus. House v. Hatch, 527 F.3d 1010, 1015 (10th Cir. 2008). 28 U.S.C. § 2254 governs the writ as it applies to state prisoners attacking the validity of their conviction or sentence. Only claims alleging a violation of federal law are cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a). The standard of review for a claim is dependent upon the treatment the state court gave to that claim. *See* Hain v. Gibson, 287 F.3d 1224, 1229 (10th Cir. 2002). If the state court did not adjudicate the claim on its merits, and the claim is not otherwise procedurally barred, then the federal court exercises its "independent judgment" to decide the claim. *Id.* If, however, the state court adjudicated the claim on its merits, then the claim falls within § 2254(d) and the federal court's role is limited. *See id.*

If the state court determined the claim on its merits, the petitioner is entitled to habeas relief only if he establishes the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  Federal law is "clearly established" only if it is contained in a holding of the Supreme Court. Thaler v. Haynes, 559 U.S. 43, 47 (2010). "Under § 2254(d)(1), a habeas petitioner may obtain relief (1) if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts; or (2) if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 1173-74 (quotations omitted). This standard requires more than a determination that the state court committed clear error; the state court's application of federal law must have been objectively unreasonable. *See* House, 527 F.3d at 1019.

*Inadequate jury instructions*

In his first ground for relief, petitioner alleges that the trial court erred by failing to instruct the jury on the lesser included offense of domestic assault and battery. The Supreme Court has never recognized a constitutional right to a lesser included offense instruction in non-capital cases. *See* Tiger v. Workman, 445 F.3d 1265, 1268 (10th Cir. 2006). Rather, the Tenth Circuit has recognized, in non-capital cases, a rule of "automatic non-reviewability" for claims based on a court's failure to instruct on a lesser included offense.

Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004).  The court agrees with the magistrate judge's conclusion that habeas relief is unavailable based on this ground.

*Admission of evidence of prior convictions*

In his second ground for relief, petitioner argues that the trial court erred in allowing the prosecution to admit evidence during the sentencing phase of his trial of prior convictions that arose out of the same transaction .  Under Oklahoma's enhanced sentencing guidelines, multiple felonies arising out of the same transaction are not treated as separate felonies. *See* 21 Okla. Stat. § 51.1(C).  Petitioner argues that the state court improperly calculated his enhanced sentence by counting two felonies arising out of the same transaction separately.

The OCCA, applying its "plain error" standard, determined that there was no error because petitioner admitted that he had three separate felony convictions and the sentencing range under the statute was the same whether petitioner had three or four prior convictions. [Doc. 9-3, pg. 4].[1]  Additionally, the magistrate judge determined that even if petitioner could show an error in the application of Oklahoma's evidentiary rules, habeas relief was still not warranted.  Because petitioner is arguing that the state court misapplied its own evidentiary rules, habeas relief is only proper "if the alleged error was so grossly prejudicial [that it] fatally infected the trial and denied the fundamental fairness that is the essence of due process."  Bullock v. Carver, 297 F.3d 1036, 1055 (10th Cir. 2002) (quoting Revilla v. Gibson, 283 F.3d 1203, 1212 (10th Cir. 2002)) (alteration in original) (internal quotation

---

[1]*These findings are presumed correct and petitioner has not overcome the presumption with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).*

marks omitted). The court agrees that habeas relief is not available because the error, if one existed, did not deny petitioner a fair trial or due process protections.

*Ineffective assistance of counsel*

In his third ground for appeal, petitioner argues that he received ineffective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights. In his objection to the Report and Recommendation, petitioner provides two bases for his argument: 1) his attorney's failure to object to the evidence of prior felonies discussed in ground two, and 2) his attorney's waiver of his right to testify in the "merit" stage of the trial. Both of these arguments were raised in petitioner's appeal before the OCCA.

The OCCA correctly analyzed petitioner's claim of ineffective counsel under Strickland v. Washington, 466 U.S. 668 (1984). The OCCA made factual findings, which are presumed correct absent a clear and convincing showing to the contrary, that petitioner was advised of and consulted on his right to testify, and that he waived that right in open court.[2] It also determined that having found no prejudice in the admission of the prior felonies, the defense counsel's failure to object to the admission was not a basis for finding ineffective assistance of counsel. The court agrees with the magistrate judge that the OCCA's application of Strickland was not unreasonable.

*Cumulative error*

---

[2]*While petitioner does have a constitutional right to testify in his own defense, "complaints about the state's procedure for ensuring compliance with that right are not a constitutional dimension." Harris v. Everett, 215 F.3d 1336 (table), 2000 WL 504731 \*3 (10th Cir. 2000).*

In his final ground for appeal, petitioner argues that cumulative error deprived him of a fair trial. The OCCA determined that having found only harmless error in the district court's failure to instruct on a lesser included offense, and a potential error in the admission of prior felonies arising out of the same transaction, those errors cumulatively did not warrant a reversal of petitioner's conviction. [Doc. #9-3, pg. 5]. The magistrate judge weighed the strength of the evidence against the petitioner against any harm from potential errors, and determined that habeas relief was not warranted.[3]

Petitioner has not shown "a strong likelihood that the several errors in his case, when considered additively, prejudiced him." Grant v. Trammell, 727 F.3d 1006, 1026 (10th Cir. 2013). Based on the strength of the evidence against him, the minor errors here do not "undermine[] confidence in the outcome of the trial." *Id.* The court agrees with the magistrate judge that habeas relief is not warranted, and the petition will be denied.

After conducting a de novo review, the court **ADOPTS** the Report and Recommendation [Doc. #15]. Petitioner's petition for habeas relief [Doc. #1] is **DENIED**.

---

[3] *The judge determined that the strength of the case against petitioner was "if not overwhelming, substantial," and any errors found by the OCCA "were not significant." [Doc. #15, pg. 14].*

**IT IS SO ORDERED**.

Dated this 27th day of November, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE